**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Rocky Brands, Inc., *et al.*, | : | |
| | : | Case No. 2:08-cv-107 |
| Plaintiffs, | : | |
| | : | Judge Sargus |
| v. | : | |
| | : | Magistrate Judge Abel |
| Glen A. Bratcher, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**AGREED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION AND DOCUMENTS**

Upon the parties' joint Motion for a Protective Order, for good cause shown, it is hereby ordered that this Agreed Protective Order Regarding Confidential Information and Documents ("Agreed Protective Order") shall apply with respect to certain documents and other information produced or disclosed in connection with this lawsuit (the "Litigation").

1.     For purposes of this Agreed Protective Order, "Discovery Material" means all documents, testimony, or other information produced, subpoenaed, transcribed, given to, served upon, or filed by any Party to the Litigation in connection with formal or informal discovery, hearing, or trial proceeding (whether in the form of depositions, transcripts, interrogatory answers, document productions, responses to requests for admissions, or otherwise) or in any pleading, motion, affidavit, declaration, brief, or other document submitted to the Court.

2.     For the purpose of this Agreed Protective Order, "Confidential Information" means Discovery Material containing information which a Party believes in good faith is entitled to confidential treatment pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure.

3.     No Confidential Information or any copy, excerpt, digest, compilation or summary thereof, or the information contained therein, shall be delivered or disclosed to any person except as provided in this Agreed Protective Order.

4.     If any non-Party in receipt of a request, subpoena, or subpoena duces tecum requesting documents or tangible things believes in good faith that the requested documents or tangible things contain Confidential Information, the non-Party may designate such material as "Confidential Information" in the manner provided for in Paragraph 10 of this Agreed Protective Order. Information that a non-Party designates as "Confidential Information," including copies, excerpts, and summaries thereof, or the information contained therein, shall be subject to all of the conditions and limitations set forth in this Agreed Protective Order. Any non-Party that desires to protect its claim of confidentiality by adhering to these procedures submits to the jurisdiction of this Court with regard to any proceedings related to the non-Party's claim of confidentiality.

5.     No Confidential Information shall be used for any business, commercial, competitive, personal, or other purposes unrelated to the conduct of this Litigation. Confidential Information shall not be disclosed by the person receiving it to any other person or entity without the prior written consent of the designating Party or non-Party furnishing the Confidential Information, or an order of the Court, except Confidential Information may be disclosed, in accordance with Paragraph 6 of this Agreed Protective Order, to the following:

a.   Counsel for the Parties in this Litigation;

b.   Counsel's employees to whom it is disclosed for purposes of this Litigation;

c.   The Court and its employees, including, without limitation, court reporters, employees in the Clerk's Office, and judicial law clerks, provided that the Confidential Information is filed in accordance with the terms of this Agreed Protective Order;

2

d. Litigation consultants, contractors, and persons designated as expert witnesses to assist in the conduct of this Litigation;

e. Stenographers, or other persons preparing transcripts of testimony in this Litigation;

f. Members of data entry, data processing, or computer imaging firms employed by either Party or counsel to assist in the development or use of data retrieval systems or computer imaging of documents in connection with this action;

g. Clerical personnel who are performing purely clerical duties, such as mail handling, copying, document numbering, filing, etc., employed by a party or a party's counsel, without such personnel signing the Confidentiality Agreement.

6. Except for those persons designated in Paragraphs 5.c., 5.f., and 5.g., no disclosure of Confidential Information, or any copy, excerpt, or summary thereof, or the information contained therein, received from a Party or non-Party, shall be made to any person until such person has been provided with a copy of this Agreed Protective Order and such person has agreed to be bound by execution of the Confidentiality Agreement attached as Exhibit A.

7. A witness who (1) is a current or former employee of a party that furnished Confidential Information, (2) a person that the document containing Confidential Information indicates on its face authored it, was an addressee of it, or received a copy prior to the filing of the complaint in this litigation, or (3) a retained expert, acting as a witness for the party that furnished the Confidential Information in this litigation, may, in the course of trial or deposition testimony, review Confidential Information that may be relevant to the witnesses' testimony without signing the Agreement, provided the person is instructed in writing or on the record that they are bound by the terms of the Agreed Protective Order and, upon conclusion of the deposition or trial, the document(s) are provided only to the court reporter and counsel for the Parties and the document(s) and related portions of the transcript are placed under seal.

8. Counsel for each Party shall obtain and retain executed copies of the Confidentiality Agreements attached as Exhibit A from each person, other than persons

3

designated in Paragraphs 5.c., 5.f., and 5.g., to whom counsel discloses any Confidential

Information other than counsel's own Confidential Information, and a list of any other person to

whom Confidential Information is disclosed in accordance with the provisions of this paragraph.

9.     Any Discovery Material that a Party or non-Party in good faith deems to be

confidential or to contain confidential information shall be marked "CONFIDENTIAL" in a

readily visible or noticeable manner at the time the Discovery Material is furnished to the

requesting party – or at any time thereafter. In order to expedite the discovery process, the

producing party may initially produce documents for review before making the

"CONFIDENTIAL" designation on the face of the document, provided that it does so when

copies are made and produced to the requesting party. Any document identified at the time of

the initial production as containing confidential information but not marked with the

"CONFIDENTIAL" designation on the face of the document is presumed to be confidential and

subject to this Agreed Protective Order until the producing party completes a review of each

document requested to be copied by the requesting party. Failure by the producing party to

designate any Discovery Material as "CONFIDENTIAL" at the time of production does not

constitute a waiver of confidentiality, and shall not preclude later designation as

"CONFIDENTIAL." In the case of documents, interrogatory responses, and responses to

requests for admission, Confidential Information shall be designated by a stamp or designation

on each such document or response prior to production or service. Any Party photocopying or

otherwise reproducing Confidential Information shall ensure that the "CONFIDENTIAL"

designation appears clearly on any such copies or reproductions.

10.     Whenever Confidential Information is to be referred to or disclosed in a

deposition, any Party or non-Party may exclude from the room during such testimony any person

4

who is not authorized to receive Confidential Information under this Agreed Protective Order.

Any testimony given in any deposition in this case may be designated as "CONFIDENTIAL" by

any Party or non-Party by making such designation on the record.  A Party or non-Party may also

make such designation in writing to the court reporter if the designations are made within

fourteen (14) days after the transcript has been made available to the Party or non-Party making

the designations, and notice of such designations is sent to all Counsel of record.  The reporter

shall then separately transcribe those portions of the testimony so designated and shall mark the

face of the transcript with the words "CONFIDENTIAL," and seal it in a separate envelope.

Whenever any document designated as "CONFIDENTIAL" is identified as an exhibit in

connection with testimony given in any deposition, it shall be so marked and sealed.  Only

persons who have executed the Agreement attached as Exhibit A, and those persons designated

in Paragraph 5.c, shall be entitled to obtain copies of that portion of the transcript and/or exhibit.

A copy of this Agreed Protective Order shall be identified and marked as an exhibit to any such

transcript, and all persons who have actual notice of this Agreed Protective Order shall be bound

by its terms.

11.     All Parties, their counsel, and all persons designated in Paragraph 5 above who

obtain Confidential Information shall take all necessary and appropriate measures to maintain the

confidentiality of the Confidential Information, shall disclose such information only to persons

authorized to receive it under this Agreed Protective Order, and shall retain such information in a

secure manner.

12.     Whenever Confidential Information is to be referred to or disclosed in a hearing

or trial proceeding, any Party or non-Party may request that the Court exclude from the room

those persons who are not authorized to receive Confidential Information under this Agreed

Protective Order. The decision whether to exclude such persons is subject to the discretion of

the Court. In addition, any Party or non-Party may move the Court to designate any testimony

given in such hearing or trial proceeding as "CONFIDENTIAL," and to require the reporter to

transcribe separately those portions of the testimony, mark the face of the transcript with the

words "CONFIDENTIAL," and seal it in a separate envelope. Whenever any document

designated as "CONFIDENTIAL" is identified as an exhibit in connection with testimony given

in any hearing or trial proceeding in connection with this Litigation, any Party, or non-Party may

move that it be so marked, if it has not previously been marked and appropriately sealed. Where

the Court rules that such material is entitled to protection from disclosure, only persons who have

executed the Agreement attached as Exhibit A, and those persons designated in Paragraph 5.c,

shall be entitled to obtain copies of that portion of the transcript and/or exhibit. A copy of this

Agreed Protective Order shall be identified and marked as an exhibit to any such transcript, and

all persons who have actual notice of this Agreed Protective Order shall be bound by its terms.

13.     All Confidential Information filed with or received by the Court shall be kept in a

sealed envelope or other container marked on the outside with the title of the action, an

identification of each item within and a statement as follows:

#### **CONFIDENTIAL**

This envelope contains documents that are subject to an Agreed
Protective Order entered by the Court in this action governing the
use of Confidential Information. The envelope should not be
opened or the contents thereof disclosed or revealed other than to
the Court except by Order of the Court or consent of the Party
making the claim of confidentiality.

Any such Confidential Information shall be maintained under seal by the Clerk of Court.

14.     Any Party may at any time notify a Party or non-Party making a claim that certain

information is Confidential Information, in writing, or in the case of a deposition, either upon the

record of a deposition or in writing later, of its objection to the designation of any information as "CONFIDENTIAL." In that event, the challenging and designating Parties (or non-Party) shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the designating Party or non-Party or the challenging Party may apply to the Court for a ruling. Nothing in this Agreed Protective Order shall affect the initial burden of proof applicable to claims that certain information is Confidential Information, which shall be on the designating Party or non-Party to establish that the information is entitled to confidential treatment. Notwithstanding this burden, the information in issue shall continue to be treated as Confidential Information pursuant to this Agreed Protective Order until the Parties agree or the Court rules otherwise. No Party in the Litigation shall be obliged to challenge the propriety of the designation of any Confidential Information. Failure to bring such challenge shall not preclude any subsequent objection to the designation or any motion to seek permission to disclose such Confidential Information to persons not referred to in this Agreed Protective Order. Nothing herein shall affect either Party's right to seek modification of this Agreed Protective Order.

15.     Inadvertent or unintentional disclosure of Confidential Information, or information which a Party or non-Party intends to designate as Confidential Information, shall not be deemed a waiver in whole or in part of a Party's or non-Party's claim of confidentiality with respect to either the information so disclosed or any other related information, provided that the Party or other person making such inadvertent disclosure gives prompt notification, in writing, to the Parties when such inadvertent disclosure is discovered. Disclosure of the document or information by the receiving Party before a later designation as "CONFIDENTIAL" shall not be deemed a violation of the provisions of this Agreed Protective Order, but all

7

reasonable steps shall be taken to protect such inadvertently disclosed information after notification is received in accordance with this Agreed Protective Order.

16.     Throughout, and after the conclusion of, this Litigation, including any appeals, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the Parties and all other persons to whom Confidential Information has been communicated or disclosed pursuant to the provisions of this Agreed Protective Order or any other order of this Court.

17.     Nothing in this Agreed Protective Order shall prevent any Party from seeking amendments broadening or restricting the rights of access to or the use of Confidential Information or otherwise modifying this Agreed Protective Order, and this Agreed Protective Order may be amended without leave of Court by the agreement of counsel for all of the Parties in the form of a filed stipulation.

18.     This Agreed Protective Order is designed to:  (1) facilitate discovery and production of documents in this Litigation that a Party or non-Party considers Confidential Information; and (2) preclude dissemination of Discovery Material designated in good faith as Confidential Information.  It does not constitute a determination that documents or information so designated represent "Confidential Information."  Nothing in this Agreed Protective Order shall prejudice in any way the right of any Party to seek a court determination whether particular documents, information, or testimony should remain subject to the terms of this Agreed Protective Order.  Any Party may request that the Court modify or otherwise grant relief from any provision of this Agreed Protective Order.

19.     This Agreed Protective Order shall remain in full force and effect unless modified in writing. The Agreed Protective Order will survive and remain in full force and effect after the termination of this Litigation.

20.     Within 60 days after the final termination of this Litigation, including any and all appeals, each Party shall: (a) collect from each person who has received Confidential Information all original and identical copies of Confidential Information, including any notes, abstracts, summaries and excerpts prepared from Confidential Information, or receive a written certification from such person that all Confidential Information in such person's possession has been destroyed; and (b) retain or destroy such documents in accordance with applicable State or Federal laws regarding the retention or destruction of documents.

It is so ORDERED.

JUDGE EDMUND A. SARGUS, JR.
United States District Judge

Date: 2-25-2008

9

AGREED:

_____
David P. Shouvlin (0066154), Trial Attorney
David S. Bloomfield, Jr. (0068158)
David K. Orensten (0075452)
PORTER WRIGHT MORRIS & ARTHUR LLP
41 South High Street, 29th Floor
Columbus, Ohio 43215-6194
(614) 227-2000/ fax (614) 227-2100
dshouvlin@porterwright.com
dbloomfield@porterwright.com
dorensten@porterwright.com

*Attorneys for Plaintiffs Rocky Brands, Inc.
and Rocky Brands Wholesale LLC*

_____
Brian J. Downey (0069163), Trial Attorney
Jeffrey N. Lindemann (0053073)
FROST BROWN TODD LLC
10 West Broad Street
Suite 2300
Columbus, Ohio 43215-3484
(614) 559-7281/ fax (614) 464-1737
bdowney@fbtlaw.com

John F. Triggs (pro hac vice forthcoming)
Ryan D. Levy (pro hac vice forthcoming)
WADDEY & PATTERSON P.C.
Roundabout Plaza
1600 Division Street, Suite 500
Nashville, Tennessee 37203
(615) 242-2400/ fax (615) 242-2221
jft@iplawgroup.com
rdl@iplawgroup.com

*Attorneys for Defendants Glen A. Bratcher
and Westwood Footwear & Associates, LLC*

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Rocky Brands, Inc., et al., | : | |
| | : | Case No. 2:08-cv-107 |
| Plaintiffs, | : | |
| | : | Judge Sargus |
| vs. | : | |
| | : | Magistrate Judge Abel |
| Glen A. Bratcher, et al., | : | |
| | : | |
| Defendants. | : | |

**EXHIBIT A TO AGREED PROTECTIVE ORDER**

**CONFIDENTIALITY AGREEMENT
PURSUANT TO AGREED PROTECTIVE ORDER**

I, _____ _____, hereby acknowledge that I have received a

copy of the Agreed Protective Order entered in this action, to which this Agreement was attached

as Exhibit A, have read it, and agree to be bound by all provisions of it including, without

limitation: I will not use Confidential Information for any purpose not permitted by the Agreed

Protective Order; I shall return to Counsel supplying me with said Confidential Information, at

the earlier of the end of my involvement or the conclusion of this Litigation, including any

appeals, all copies of such Confidential Information that has been provided to me, including all

notes, abstracts, summaries and excerpts prepared from Confidential Information that have not

previously been destroyed by me and certify to such Counsel that all Confidential Information in

my possession has been returned to such Counsel or destroyed; I shall not make any copies of

Confidential Information for any purpose not permitted by the Agreed Protective Order; and, I

shall not provide Confidential Information to anyone else who has not executed this Agreement

or who, pursuant to Paragraph 5 of the Agreed Protective Order, is not entitled to receive

Confidential Information without executing this Agreement.  I further understand that I shall

remain bound by the Agreed Protective Order after the conclusion of this Litigation unless

otherwise ordered by the Court. l understand that violation of this Agreed Protective Order may

constitute contempt of Court.


Dated:_____          Signature:_____

                                       Name:_____

                                       Address:_____

                                       _____

                                       _____

A-2