## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

ROCKY BRANDS, INC.,
    et al.,

        Plaintiffs,

    vs.
                        **Case No. C2-08-107**
                            **Judge Edmund A. Sargus, Jr.**
                            **Magistrate Judge Mark R. Abel**

GLEN A. BRATCHER,
    et al.,

        Defendants.

### ORDER

This case came before the Court on April 21, 2008 for a hearing on Plaintiffs' Motion for Preliminary Injunction. At the time of the hearing, neither party moved to have any portion of the proceedings sealed or otherwise made confidential. During the course of this litigation, however, the parties operated under an Agreed Protective Order Regarding Confidential Information and Documents. (Doc. #19, Feb. 25, 2008). This matter is now before the Court for consideration of Plaintiffs' Motion for Redaction of Confidential Information from the transcript of the hearing on the Motion for Preliminary Injunction.

Plaintiffs seek to redact 26 narrow instances related to the specific amount of sales of a particular item, a particular percentage or the particular volume of sales for a certain product. Plaintiffs indicate that these matters are confidential trade secrets, and are covered by the parties Agreed Protective Order.

Defendants oppose the Motion, pointing out that no motion was made at any time to seal the proceedings, and that members of the public were permitted to and did, in fact, attend the hearing. Moreover, the docket of this case reflects that the transcript has already been transcribed, and the matters Plaintiffs seek to seal fall outside the scope of the Court's policy regarding electronic availability of transcripts.[1]

Because the hearing was public, and because the transcript has already been published, Plaintiffs' Motion is **DENIED**.

       **IT IS SO ORDERED.**

_6 - 10-2008_
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1]    The Court's policy regarding availability of electronic transcripts permits each party to inform the Court, by filing a Notice of Redaction, of the party's intent to redact personal data identifiers from the electronic transcript of a court proceeding. See www.ohsd.uscourts.gov (Forms; Electronic Availability of Transcripts). The policy establishes a procedure for counsel to request the redaction from the transcript of specific personal data identifiers before the transcript is made electronically available to the general public. These personal data identifiers include: Social Security numbers; financial account numbers; names of minor children; dates of birth; and home addresses of individuals. The matters Plaintiff seeks to redact in this case do not relate to such personal identifiers, and thus fall outside the Court's general policy regarding electronic availability of transcripts.